UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ARRONIOUS ROBINSON, GREGORY SMITH &
ROBERT BURSTON,

                      Plaintiffs,

    -against-

THE CITY OF NEW YORK, THE NEW
YORK CITY POLICE DEPARTMENT,
LIEUTENANT JOHN MAHON,
SEARGENT JOSEPH C. JETTE AND
P.O. LYNWOOD PLEASANT,

                      Defendants.
------------------------------------------------------------X

CV 12 - 5288

Index No.:

COMPLAINT

PLAINTIFFS DEMAND TRIAL BY JURY

ARRONIOUS ROBINSON, GREGORY SMITH and ROBERT BURSTON, (hereinafter collectively, "plaintiffs"), by their attorney, Harold Baker, Esq., complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, (hereinafter "NYC"), The NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), , AND LIEUTENANT JOHN MAHON, SEARGENT JOSEPH JETTE and P.O. LYNWOOD PLEASANT (hereinafter "Defendants Mahon, Jette and Pleasant"), individually and as supervisory employee(s) of defendant NYPD, who participated in the arrest, detention and prosecution of plaintiffs, arising out of the unlawful entry into plaintiff Robinson's apartment and the subsequent false arrest, malicious prosecution, assault, battery, filing of false reports regarding, and false imprisonment of plaintiffs.

1

2. It is alleged that on February 12, 2010, at about 4:30 p.m., defendants Mahon, Jette and Pleasant, members of the NYPD, individually and as supervisory employee(s) of defendant NYPD, and as agents, servants and/or employees of defendant NYPD, acting in concert, under color of state laws, intentionally and willfully subjected plaintiffs to, inter alia, wrongful and illegal entry into the home of plaintiff Robinson, false arrest, false imprisonment, detention, assault, battery, filing of false reports and malicious prosecution for acts of which plaintiffs were innocent.

## THE PARTIES

3. At all times hereinafter mentioned, plaintiff Robinson was and still is a resident of the County of Kings, in the City and State of New York, residing at 335 Sutter Avenue, Apt.# 6C, Brooklyn, NY 11212;

4. At all times hereinafter mentioned, plaintiff Burston was and still is a resident of the County of Kings, in the City and State of New York, residing at 41 Kingston Avenue, Apt.# 2R, Brooklyn, NY 11213;

5. At all times relevant and material herein, plaintiff Smith was and still is a resident of the County of Kings, in the City and State of New York, residing at 41-04 Tenth Street, Apt. # 1D, Long Island City, NY 11101;

6. At all times relevant and material herein the defendant NYC was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

7. At all times relevant and material herein, defendants Mahon, Jette and Pleasant were employees of the Police Department of the City of New York.

8. At all times relevant and material herein, defendants Mahon, Jette and Pleasant were personnel of the Police Department of the City of New York.

## JURSIDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 in that it alleges claims for relief arising under 42 U.S.C. 1983.

10. Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the this court has original subject matter jurisdiction.

11. Venue is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant City of New York is subject to personal jurisdiction in this district.

## NOTICE OF CLAIM

12. Within 90 days following the dismissal of all charges against plaintiffs arising from this incident, plaintiffs filed written Notice of Claim with Defendant City of New York. This matter has not been settled or otherwise disposed of.

13. Notices of Claim on behalf of each plaintiff for wrongful search and seizure, false arrest, unlawful imprisonment and malicious prosecution against defendants NYC, NYPD, and the defendant P.O.'s were filed on December 20, 2011. Hearings pursuant to GML 50-H were not held.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFFS' CLAIMS

14. Defendant NYC was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

15. At all times relevant and material herein, defendant NYC operated, maintained, managed, supervised and controlled a police department (defendant NYPD) as part of and in conjunction with its municipal functions.

16. Defendant NYPD was at all times relevant hereto, a subdivision, department or agency of Defendant NYC.

17. The arresting officers; defendants Mahon, Jette and Pleasant, were, at all times relevant hereto, employees of defendant NYPD, duly appointed and acting as police officers in the NYPD and were agents, servants and/or employees of defendant NYPD, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

18. Defendants Lieutenant John Mahon and Sgt. Jette were and still are, at all times relevant hereto, supervisory employees of the NYPD, and agents, servants and/or employees of defendant NYPD, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer, and otherwise performed and engaged in conduct incidental to the performance of their functions in the course of their duties. They are sued individually and in their supervisory capacity.

19. Upon information and belief, defendants Mahon, Jette and Pleasant were graduates of the Police Academy of the City of New York.

20. At all times relevant hereto, defendant NYC had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, defendants Mahon, Jette and Pleasant, to conform their conduct to a standard for the protection of individuals, such as plaintiffs, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiffs herein.

21. In addition, at all times relevant hereto, defendant NYC had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels defendants Mahon, Jette and Pleasant in the protections of the rights of plaintiffs under the Constitution and the Bill of Rights.

22. At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant NYC and the State of New York.

23. At all times mentioned herein, the defendants' acts constituted state action.

24. On February 12, 2010, at approximately 4:30 pm, defendants Lieutenant John Mahon, Sergeant Joseph Jette and P.O. Lynwood Pleasant, were on duty in plain clothes and/or acting as employees, agents or servants of defendants NYPD and City of New York.

25. Upon information and belief, on February 12, 2010 at approximately 4:30 pm, defendants Mahon, Jette and Pleasant wrongfully and improperly threatened to physically harm, shoot and arrest plaintiffs, wrongfully and improperly entered plaintiff Robinson's apartment, pointed firearms at plaintiffs, threatened to shoot plaintiffs, placed plaintiffs in handcuffs, interrogated plaintiffs, illegally searched/ransacked plaintiff Robinson's apartment, searched plaintiffs, then detained and arrested plaintiffs in regards to a crime plaintiffs did not commit.

Defendants Mahon, Jette and Pleasant entered plaintiff Robinson's apartment without probable cause, without a warrant and without consent. Defendants Mahon, Jette and Pleasant forcibly transported plaintiffs to a police precinct and; thereafter, to Central Booking where plaintiffs were held against their will for hours. Plaintiffs were held in custody for approximately three days until arraigned and released upon their own recognizance. All of the above actions were committed by the defendants Mahon, Jette and Pleasant against plaintiffs despite the fact that plaintiffs had not committed any crime whatsoever and without just, reasonable, lawful or proper cause to enter into plaintiff Robinson's apartment, search plaintiffs or the premises or to arrest the plaintiffs.

26. Upon information and belief, defendants Mahon, Jette and Pleasant, employees of defendant NPYD, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, detained, and arrested plaintiffs when it was not right, just, lawful, proper, or necessary to do so.

27. Upon information and belief, and without proof that plaintiffs were in any way connected or related to a crime, or in fact, that any crime was, in fact, committed, and without exigent circumstances to enter plaintiff Robinson's apartment, without reasonable suspicion to stop them, nor probable cause to detain or arrest them, defendant NYPD's employees, including the defendant P.O.'s, individually and acting in concert, knowingly, unlawfully and wrongfully fabricated a charge against the plaintiffs and set it forth in false and fabricated criminal complaints, falsely sworn to by defendant P.O. Lynwood Pleasant. Copies of the false and fraudulent complaints are annexed hereto as Exhibit A, and are made a part hereof with the same force and effect as if it were fully set forth here at length.

28. The criminal complaints were and are false and fraudulent in alleging that plaintiffs committed the crimes of CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD AND SEVENTH DEGREES, and in alleging the facts therein set forth alleged to constitute those charges.

29. Based upon the false criminal complaint prepared, upon information and belief, by defendants Mahon, Jette and Pleasant, and signed by defendant Pleasant, plaintiffs were arraigned on the above charges.

30. On February 12, 2010, defendants Mahon, Jette and Pleasant, employees of defendant NYPD, acting in concert, maliciously and with intent to injure plaintiffs, and without just cause or any right to do so, handcuffed them and jailed and detained them there and restrained them of their liberty, against the will of the plaintiffs.

31. The arrest of the plaintiffs by the individual defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

32. Defendants acted maliciously and intentionally.

33. Plaintiffs were thereupon and thereafter detained and restrained of their liberty and freedom, without their consent, on account of the unlawful and wrongful acts of the defendants, and were confined in various facilities of defendants NYPD, and the City of New York, including a police precinct, Central Booking and others.

34. At the time of their unlawful seizure, plaintiffs were lawfully in plaintiff Robinson's home, not violating any laws, nor committing any crime.

35. Eventually, the plaintiffs were released from such confinement and detention.

36. Thereafter the plaintiffs were forced to return to court on multiple occasions, over a period of about 22 months, appearing in public, and before the public, as defendants, persons accused of criminal acts, acts of which plaintiffs were not guilty.

37. The charges against plaintiffs were disposed of, in their favor, when the criminal complaints against them were dismissed with prejudice, on December 1, 2011 in part TP2 of the Kings County Criminal Court at 120 Schermerhorn Street, Brooklyn, New York.

38. As a direct and proximate result of the acts of the defendants, plaintiffs suffered severe and permanent damages including, but not limited to:

> Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons;

> Physical injury, embarrassment, humiliation, loss of liberty, loss of income, loss of employment, emotional distress and mental anguish.

39. The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiffs, including but not limited to:

> Freedom from the unreasonable seizure of their persons and freedom from the use of excessive, unreasonable and unjustified force against a person.

### FIRST COUNT
### (42 U.S.C. SECTIONS 1983 and 1985 AGAINST INDIVIDUAL DEFENDANTS)

40. Plaintiffs re-allege paragraphs 1 through 40 and they are incorporated herein by reference hereafter.

41. Defendants, acting in concert and under the color of state law, have deprived plaintiffs Robinson, Smith and Burston of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under 42 U.S.C. Sections 1981, 1983 and 1985.

42. As a result, plaintiffs claim damages for the injuries set forth above.

8

## SECOND COUNT
### (PURSUANT TO 42 U.S.C. § 1983 ASSAULT AND BATTERY UNDER COLOR OF STATE LAW AGAINST INDIVIDUAL DEFENDANTS)

43. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

44. Upon unlawfully entering plaintiff Robinson's apartment, and handcuffing and arresting plaintiffs Robinson, Smith and Burston, defendants Mahon, Jette and Pleasant, employees of defendants City of New York and NYPD, acting in concert, made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

45. The defendants' assault and battery of plaintiffs was excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the Constitution.

46. The said assault and battery caused plaintiffs' personal injury and damage, both physical and mental; and severe emotional distress and illness.

47. As a result of that assault, plaintiffs Robinson, Smith and Burston claim damages for the injuries set forth above.

## THIRD COUNT

### (MALICIOUS PROSECUTION AGAINST INDIVIDUAL DEFENDANTS)

48. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

49. The individual defendants, acting in concert, knowingly, intentionally, and maliciously caused false criminal accusatory instruments to be filed against plaintiffs Robinson, Smith and Burston.

9

50. As a result of the malicious prosecution implemented by the individual defendants, plaintiffs Robinson, Smith and Burston claim damages for the injuries set forth above.

## FOURTH COUNT
### (PURSUANT TO 42 U.S.C §1983 FOR FALSE ARREST AND IMPRISONMENT UNDER COLOR OF STATE LAW)

51. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

52. The defendants arrested, detained and imprisoned plaintiffs, without warrant or probable cause, even though they knew or should have known that they were wholly innocent of any crime then and there alleged against them, and thus violated plaintiffs' Constitutional rights.

53. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs claim damages for the injuries set forth above.

## FIFTH COUNT
### (COMMON LAW ASSAULT)

54. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

55. The defendants are liable for assault to plaintiffs.

56. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiffs Robinson, Smith and Burston claim damages for the injuries set forth above.

## SIXTH COUNT
### (COMMON LAW BATTERY)

57. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

58. The defendants are liable for battery to plaintiffs.

59. As a result, plaintiffs Robinson, Smith and Burston claim damages for the injuries set forth above.

## SEVENTH COUNT
### (COMMON LAW FALSE ARREST AND IMPRISONMENT)

60. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

61. The defendants are liable for false arrest and false imprisonment to plaintiffs.

62. As a result thereof, plaintiffs Robinson, Smith and Burston claim damages for the injuries set forth above.

## EIGHTH COUNT
### (COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

63. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

64. The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning plaintiffs was outrageous, shocking and exceeded all reasonable bounds of decency.

65. The defendants are liable for intentional infliction of emotional distress to plaintiffs.

66. As a result thereof, plaintiffs Robinson, Smith and Burston claim damages for the injuries set forth above.

## NINTH COUNT
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

67. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

11

68. The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning plaintiffs was careless and negligent as to the emotional health of plaintiffs.

69. The defendants are liable for negligent infliction of emotional distress to plaintiffs.

70. As a result thereof, plaintiffs Robinson, Smith and Burston claim damages for the injuries set forth above.

## TENTH COUNT
### (COMMON LAW NEGLIGENCE)

71. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

72. The defendant City of New York was negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location; in its employees in assaulting, battering and falsely arresting and imprisoning Plaintiffs.

73. Additionally, defendants Mahon, Jette and Pleasant were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

74. As a result thereof, plaintiffs Robinson, Smith and Burston claim damages for the injuries set forth above.

**WHEREFORE,** plaintiffs, individually, demand judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action in the amount of One Million ($1,000,000.00) Dollars; for punitive damages on each Cause of Action; awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: Brooklyn, New York
October 19, 2012

Yours,

HAROLD BAKER, ESQ. (hb2179  )

By: _____
Attorney for Plaintiffs Arronious Robinson,
Gregory Smith and Robert Burston
32 Court Street
Suite 507
Brooklyn, New York
(718) 858-7927

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

STATE OF NEW YORK
COUNTY OF KINGS

v

ARRONIOU ROBINSON

3/24/10

190 50
served

POLICE OFFICER LYNWOOD O PLEASANT SHIELD NO.20488, OF 802 COMMAND SAYS THAT O
OR ABOUT FEBRUARY 12,2010 AT APPROXIMATELY 05:00 PM AT 315 SUTTER AVENUE COUN
OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

PL 220.16(1)    CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN
                THE THIRD DEGREE (DQO)
PL 220.03       CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN
                THE SEVENTH DEGREE

IN THAT THE DEFENDANT DID:

KNOWINGLY AND UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE; KNOWINGLY AND
UNLAWFULLY POSSESS A NARCOTIC DRUG WITH INTENT TO SELL IT.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE
AS FOLLOWS:

THE DEPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, THE DEPONENT OBSERVED T
DEFENDANT IN POSSESSION OF FIFTY GLASSINES OF HEROIN IN THAT INFORMANT RECOVER
SAID QUANTITY OF HEROIN FROM ON TOP THE TELEVISION IN THE ROOM WERE DEFENDANTS
WERE LOCATED ALONG IWTH APPREHENDED OTHERS GREGORY SMITH ARREST NO. K10614476 A
ROBERT BURSTON ARREST NO. K10614462.

DEPONENT FURTHER STATES THAT THE DEPONENT HAS HAD PROFESSIONAL TRAINING AS A
POLICE OFFICER IN THE IDENTIFICATION OF HEROIN, HAS PREVIOUSLY MADE ARRESTS FO
THE CRIMINAL POSSESSION OF HEROIN, HAS PREVIOUSLY SEIZED HEROIN, WHICH WAS
DETERMINED TO BE SUCH BY A CHEMICAL ANALYSIS BY THE POLICE DEPARTMENT
LABORATORY, AND TH; SUBSTANCE IN THIS CASE POSSESSES THE SAME PHYSICAL
CHARACTERISTICS AS SUCH PREVIOUSLY CHEMICALLY IDENTIFIED SUBSTANCE AND BY
PROFESSIONAL TRAINING AND EXPERIENCE AS A POLICE OFFICER IS FAMILIAR WITH THE
COMMON METHODS OF PACKAGING HEROIN AND THE GLASSINE ENVELOPE USED TO PACKAGE T
SUBSTANCE IN THIS CASE IS A COMMONLY USED METHOD OF PACKAGING SUCH SUBSTANCE.

BASED ON THE FOREGOING, IN DEPONENT'S OPINION, THE SUBSTANCE IN THIS CASE IS
HEROIN.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUAN
TO SECTION 210.45 OF THE PENAL LAW.

2/13/10
DATE                SIGNATURE

**2010KN011694**

2/13/2010 10:21:12 AM          K10614452    Arrested: 02/12/2010 17:35

PSA 2

GJ - 18b AR.3

3/24/10

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

STATE OF NEW YORK
COUNTY OF KINGS

v

ROBERT BURSTON
GREGORY SMITH

POLICE OFFICER LYNWOOD O PLEASANT SHIELD NO.20488, OF 802 COMMAND SAYS THAT O OR ABOUT FEBRUARY 12,2010 AT APPROXIMATELY 05:00 PM AT 315 SUTTER AVENUE COU OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

PL 220.16(1)   CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE (DQO)
PL 220.03     CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE

IN THAT THE DEFENDANT DID:

KNOWINGLY AND UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE; KNOWINGLY AND UNLAWFULLY POSSESS A NARCOTIC DRUG WITH INTENT TO SELL IT.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF AR AS FOLLOWS:

THE DEPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, THE DEPONENT OBSERVED DEFENDANT IN POSSESSION OF FIFTY GLASSINES OF HEROIN IN THAT INFORMANT RECOVE SAID QUANTITY OF HEROIN FROM ON TOP THE TELEVISION IN THE ROOM WHERE DEFENDANT WERE LOCATED ALONG WITH APPREHENDED OTHERS ARKONIOU ROBINSON ARREST NO. K10614445 AND ONE 'O. HOWARD ARREST NO. K10614452

DEPONENT FURTHER STATES THAT THE DEPONENT HAS HAD PROFESSIONAL TRAINING AS A POLICE OFFICER IN THE IDENTIFICATION OF HEROIN, HAS PREVIOUSLY MADE ARRESTS F THE CRIMINAL POSSESSION OF HEROIN, HAS PREVIOUSLY SEIZED HEROIN, WHICH WAS DETERMINED TO BE SUCH BY A CHEMICAL ANALYSIS BY THE POLICE DEPARTMENT LABORATORY, AND THE SUBSTANCE IN THIS CASE POSSESSES THE SAME PHYSICAL CHARACTERISTICS AS SUCH PREVIOUSLY CHEMICALLY IDENTIFIED SUBSTANCE AND BY PROFESSIONAL TRAINING AND EXPERIENCE AS A POLICE OFFICER IS FAMILIAR WITH THE COMMON METHODS OF PACKAGING HEROIN AND THE GLASSINE ENVELOPE USED TO PACKAGE SUBSTANCE IN THIS CASE IS A COMMONLY USED METHOD OF PACKAGING SUCH SUBSTANCE.

BASED ON THE FOREGOING, IN DEPONENT'S OPINION, THE SUBSTANCE IN THIS CASE IS HEROIN.

FALSE STATEMENTS MADE IN THIS DOCUMENT AR PUNISHABLE AS A CLASS A MISDEMEANOR PURSU TO SECTION 210.45 OF THE PENAL LAW.

2/13/10
DATE       SIGNATURE

2010KN011693

2/13/2010 10:21:58 AM    K10614476    Arrested: 02/12/2010 17:35